IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

DIANNE TURNER, *et al.*,
    Plaintiffs,

v.                                                                    Civil No. 3:19cv293 (DJN)

ZESTFINANCE, INC., *et al.*,
    Defendants.

## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFYING SETTLEMENT CLASS, AWARDING ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS, AND ENTERING FINAL JUDGMENT

Plaintiffs Diane Turner, Lula Williams, Renee Galloway, Darlene Gibbs, Marketa Bass, John Glatt, Gwendolyn Beck, Anastasia Sherman, Sheila Burns, Stanie Haggins, Keisha Hamm, David Hawkins, Sheila Simmons, Faith Thomas, Dashawn Hunter, Tonekia Showell, Sonji Grandi, Susie Allen, Krista Biehl, Beverly Gross, Rachel Bulette, Ricky Panas, Lorna Johnson, Esther Taitai, and Cynthia Burns ("Plaintiffs"), individually and on behalf of the preliminarily certified Settlement Class, have submitted to the Court a Motion for Final Approval of the Class Action Settlement ("Final Approval Motion").

This Court has reviewed the papers filed in support of the Final Approval Motion, including the Settlement Agreement filed with Plaintiffs' Preliminary Approval Motion, the memoranda and arguments submitted on behalf of the Settlement Class, and all supporting exhibits and declarations thereto, as well as the Court's Preliminary Approval Order. The Court held a Final Fairness Hearing on June 30, 2020, at which time the Parties and other interested persons were given an opportunity to be heard in support of and in opposition to the proposed settlement. Based on the papers filed with the Court and the presentations made at the Final Fairness Hearing, the Court finds that the Settlement Agreement is fair, adequate, and reasonable.

Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

1. This Final Approval Order incorporates herein and makes a part hereof the Settlement Agreement and the Preliminary Approval Order. Unless otherwise provided herein, the capitalized terms used herein shall have the same meanings and/or definitions given to them in the Preliminary Approval Order and Settlement Agreement.

2. This Court has jurisdiction over matters relating to the Settlement, including, without limitation, the administration, interpretation, effectuation and/or enforcement of the Settlement, the Settlement Agreement, and this Final Order and Judgment.

### CERTIFICATION OF THE SETTLEMENT CLASS AND APPOINTMENT OF CLASS COUNSEL AND CLASS REPRESENTATIVES

3. In the Preliminary Approval Order, this Court previously certified, for settlement purposes only, a Settlement Class defined as follows:

   a. All consumers residing within the United States who executed loan agreements with BlueChip Financial from January 1, 2012, through October 31, 2018.
   b. Excluded from the Class are the Judge presiding over this Action and the Court staff, as well as those Class Members who opt out from the Settlement pursuant to the procedures set forth in the Settlement Agreement.

4. Certification of the Settlement Class is hereby reaffirmed as a final Settlement Class pursuant to Fed. R. Civ. P. 23. For the reasons set forth in the Preliminary Approval Order, this Court finds, on the record before it, that the Action, for purposes of this Settlement, may be maintained as a class action on behalf of the Settlement Class.

5. In the Preliminary Approval Order, this Court previously appointed the above-identified Plaintiffs Diane Turner, Lula Williams, Renee Galloway, Darlene Gibbs, Marketa Bass,

John Glatt, Gwendolyn Beck, Anastasia Sherman, Sheila Burns, Stanie Haggins, Keisha Hamm, David Hawkins, Sheila Simmons, Faith Thomas, Dashawn Hunter, Tonekia Showell, Sonji Grandi, Susie Allen, Krista Biehl, Beverly Gross, Rachel Bulette, Ricky Panas, Lorna Johnson, Esther Taitai, and Cynthia Burns as Class Representatives and hereby reaffirms that appointment, finding, on the record before it, that the Class Representatives have and continue to adequately represent Settlement Class Members.

6. In the Preliminary Approval Order, this Court previously appointed the law firms of Terrell Marshall Law Group PLLC, Berger Montague PC, Gupta Wessler PLLC, Kelly Guzzo PLC, and Consumer Litigation Associates, P.C. as Class Counsel for settlement purposes only and hereby reaffirms that appointment, finding, on the record before it, that Class Counsel have and continue to adequately and fairly represent Settlement Class Members.

## CLASS NOTICE

7. The record shows, and the Court finds, that Class Notice has been given to the Settlement Class in the manner approved by the Court in its Preliminary Approval Order. The Court finds that such Class Notice constitutes: (i) the best notice practicable to the Settlement Class under the circumstances; (ii) notice that was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action and the terms of the Settlement Agreement, their rights to exclude themselves from the Settlement or to object to any part of the Settlement, their rights to appear at the Final Fairness Hearing (either on their own or through counsel hired at their own expense), and the binding effect of the Final Order and Judgment, whether favorable or unfavorable, on all persons who do not exclude themselves from the Settlement Class; (iii) due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) notice that fully satisfies the requirements of the United States

Constitution (including the Due Process Clause), Federal Rules of Civil Procedure 23(c)(2)(B) and 23(e)(1), and any other applicable law.

8.      Due and adequate notice of the proceedings having been given to the Settlement Class and a full opportunity having been offered to Settlement Class Members to participate in the Final Fairness Hearing, it is hereby determined that all Settlement Class Members except those who timely opted out, as identified in Exhibit A to this Final Approval Order, are bound by this Final Approval Order and Judgment.  No Settlement Class Members, other than those listed in Exhibit A, are excluded from the Settlement Class, from the terms of the Settlement Agreement, or from the effect of this Final Approval Order and Judgment.

## FINAL APPROVAL OF THE SETTLEMENT AGREEMENT

9.      Pursuant to Fed. R. Civ. P. 23(e), the Court hereby finally approves in all respects the Settlement as set forth in the Settlement Agreement and finds that the Settlement, the Settlement Agreement, the benefits to the Settlement Class Members, and all other parts of the Settlement are, in all respects, fair, reasonable, and adequate, and in the best interest of the Settlement Class, within a range that responsible and experienced attorneys could accept considering all relevant risks and factors and the relative merits of Plaintiffs' claims and any defenses of the Defendants, and are in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause, and the Class Action Fairness Act. Accordingly, the Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement, with each Settlement Class Member bound by the Settlement Agreement, including any releases therein.

10.     Specifically, the Court finds that the Settlement is fair, reasonable, and adequate given the following factors, among other things:

   a. The Action was complex and time consuming and would have continued to be so if the Parties had not settled;

   b. Class Counsel had a well-informed appreciation of the strengths and weaknesses of the Action while negotiating the Settlement;

   c. The monetary and injunctive relief provided for by the Settlement is well within the range of reasonableness in light of the best possible recovery and the risks the Parties would have faced if the case had continued to verdicts as to jurisdiction, liability, and damages;

   d. The Settlement was the result of arm's-length good faith negotiations and exchange of information by experienced counsel;

   e. The reaction of the class to the Settlement has been positive, with ten (10) consumers timely requesting to opt out and no objections to the Settlement.

  11. Accordingly, the Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement.

## PAYMENT OF MONETARY CONSIDERATION AND INJUNCTIVE RELIEF TO THE CLASS

  12. The Court approves the Parties' plan to distribute the Cash Awards provided for by the Settlement Agreement to Settlement Class Members as set forth in the Settlement Agreement.

  13. The Court also approves the agreements reached with respect to injunctive relief, as more particularly set forth in the Settlement Agreement (which shall control in the event of any alleged inconsistency with this Final Approval Order):

   a. BlueChip will cancel (as a disputed debt) all loans originated during the class period that have a balance due and that was owned by BlueChip as of December 31, 2019;

   b. BlueChip will cease all direct or indirect collection activity on any

Outstanding Loan, and agrees not to sell any Outstanding Loan;

    c. BlueChip will return any funds inadvertently collected after January 31, 2020;

    d. Defendants will not sell personal identifying information obtained from Settlement Class Members during the class period to third parties for third-party marketing purposes; provided, however, that this provision shall not prohibit BlueChip from using such information in its own lending business or prohibit the transferring of such information to a third party in connection with a sale, merger, or acquisition of BlueChip's business or the assets of its business, or to a BlueChip affiliate owned by the Turtle Mountain Band of Chippewa Indians; and

    e. BlueChip shall contact all consumer reporting agencies to which it previously had reported information regarding Outstanding Loans and request permanent removal of any negative tradelines previously reported to consumer reporting agencies in the name of BlueChip or Spotloan regarding loans originated during the class period by BlueChip to Settlement Class Members. A tradeline shall be considered "negative" if it indicates that any payment due was missed.

  14. The relief provided by the Settlement is significant. All consumers will receive a financial benefit in the form of a cash payment, tradeline deletion, loan cancellation, or restrictions on the sale of personal identifying information. In addition, the injunctive relief provided by the Settlement to all Settlement Class Members, regardless of their loan status, is significant. Defendants have also agreed not to sell or transfer any remaining unpaid accounts associated with Class Members from the Class Period, to cease all direct or indirect collection activity on Outstanding Loans, not to sell Class Members' personal identifying information obtained during the Class Period to certain third parties, that the loans from the Class Period are

disputed debts, and to request removal of negative credit reporting regarding certain loans from the Class Period. These benefits to Class Members have significant value and are not included in the monetary amount payable to the Settlement Fund, but constitute real benefits for Settlement Class Members. Furthermore, Class members will receive these benefits without having to prove any harm or take any affirmative actions. In other words, Class Members will not be required to submit any forms or claims for payment.

## DISMISSAL OF CLAIMS AND RELEASES

15. This Court hereby dismisses with prejudice on the merits and without costs or attorneys' fees (except as otherwise provided in the Agreement) the above-captioned action (subject to retention of jurisdiction to enforce the Agreement and the Settlement).

16. Pursuant to the Settlement Agreement, as of the Effective Date of this Settlement, the following releases shall be effective:

    a. Upon the Effective Date, each Named Plaintiff and each Settlement Class Member who is sent a payment from the Fund and/or who receives debt cancellation, on behalf of themselves and their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns, shall be deemed to have, and by operation of the Judgment shall have, fully released and forever discharged Defendants and each and all of their present, former and future direct and indirect parents (including, without limitation, the Turtle Mountain Band of Chippewa Indians), affiliates, subsidiaries, administrators, agents, successors, reorganized successors, predecessors-in-interest, or any financial institutions, corporations, trusts, or other entities that may hold or have held any interest (including, without limitation, any participation or security interest) in any account or any receivables relating to any account, or any receivables or group of receivables, or any direct or

indirect interest in the operation or ownership of BlueChip or ZestFinance, and all of the aforementioneds' respective members, officers, directors, trustees, employees, partners, contractors, lenders, investors, attorneys, insurers, joint venturers, shareholders, agents, vendors, representatives, elected officials, and assigns, from any and all rights, duties, obligations, claims, actions, causes of action or liabilities, whether arising under local, state, tribal, or federal law (including, without limitation, under any consumer-protection or unfair and deceptive practices acts), whether by constitution, statute, contract, common law, or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, as of the Effective Date, including, without limitation: (1) that arise out of or relate in any way to any or all of the claims, causes of action, acts, omissions, facts, matters, transactions, or occurrences that were or could have been directly or indirectly alleged, asserted, described, set forth or referred to in the Actions; or (2) that arise out of or relate in any way to the administration of the Settlement; provided, however, that any person or entity who purchased charged-off debt from BlueChip or any successor-in-interest to BlueChip prior to December 31, 2019 shall not be released.

    b.  Upon the Effective Date, each Settlement Class Member who is not sent a payment from the Fund and who does not receive debt cancellation, on behalf of themselves and their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns, shall be deemed to have, and by operation of the Judgment shall have, fully released and forever waived their rights to bring a class action, collective action, or mass action against Defendants and each and all of their present, former and future direct and indirect parents (including, without limitation, the Turtle Mountain Band of Chippewa Indians), affiliates, subsidiaries, administrators, agents, successors, reorganized

successors, predecessors-in-interest, or any financial institutions, corporations, trusts, or other entities that may hold or have held any interest (including, without limitation, any participation or security interest) in any account or any receivables relating to any account, or any receivables or group of receivables, or any direct or indirect interest in the operation or ownership of BlueChip or ZestFinance, and all of the aforementioneds' respective members, officers, directors, trustees, employees, partners, contractors, lenders, investors, attorneys, insurers, joint venturers, shareholders, agents, vendors, representatives, elected officials, and assigns, from any and all rights, duties, obligations, claims, actions, causes of action or liabilities, whether arising under local, state, tribal, or federal law (including, without limitation, under any consumer-protection or unfair and deceptive practices acts), whether by constitution, statute, contract, common law, or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, as of the Effective Date, including, without limitation: (1) that arise out of or relate in any way to any or all of the claims, causes of action, acts, omissions, facts, matters, transactions, or occurrences that were or could have been directly or indirectly alleged, asserted, described, set forth or referred to in the Actions; or (2) that arise out of or relate in any way to the administration of the Settlement. It is the intention of the Parties that the release provided in this subsection does not release a class member's right to bring an individual claim against any of the Released Parties. By entering into this agreement, Defendants do not waive and expressly reserve the right to move to compel arbitration of any of these claims if they are brought in court.

      c.      Without limiting the foregoing, the claims released above specifically include claims that the Named Plaintiffs and Settlement Class Members (or any of them) do not know or suspect to exist in their favor at the time that the Settlement, and the releases contained in

this Agreement, becomes effective. The Named Plaintiffs acknowledge that they each have read, understand, and waive, on behalf of themselves and the Settlement Class Members, all rights and benefits of Section 1542 of the California Civil Code (or any other statute or legal doctrine limiting the effectiveness of releases), which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Named Plaintiffs have acknowledged, and the Settlement Class Members shall be deemed to understand and acknowledge, the significance of this waiver of California Civil Code Section 1542 and any other applicable law relating to limitations on releases. In connection with such waiver and relinquishment, Named Plaintiffs have acknowledged on behalf of themselves and the Settlement Class Members that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally and forever all Released Claims, and in furtherance of such intention, the release of the Released Claims shall remain in effect notwithstanding the discovery or existence of any such additional or different facts.

## AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS

17. At the conclusion of a successful class action, class counsel may apply to a court for an award of attorneys' fees. *See* Fed. R. Civ. P. 23(h). Pursuant to the Settlement Agreement Class Counsel may request reasonable attorneys' fees and reimbursement of costs to be paid from the Monetary Consideration, provided that the total amount of such request does not exceed one-

third of the Monetary Consideration provided under the Settlement Agreement.

18. Because this is a common-fund case, it is appropriate to employ a percentage of the fund method for calculating a proper fee award. When a representative party confers a substantial benefit upon a class, counsel is entitled to attorneys' fees based on the benefit obtained. *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). *See, e.g., Milbourne v. JRK Residential America, LLC*, No. 3:12-cv-861-REP (ED. Va. Jan. 4, 2017) (Doc. 324); *Mayfield v. Memberstrust Credit Union*, 3:07-cv-506-REP (E.D. Va. Nov. 7, 2008) (Doc. 22); *Conley v. First Tennessee*, 1:10-cv-1247-JFA (E.D. Va. Aug. 18, 2011) (Doc. 37); *Lengrand v. Wellpoint*, No. 3:11-cv-333-HEH (E.D. Va. Nov. 13, 2012) (Doc. 42).

19. No Class Member or Government entity has objected to Class Counsel's request.

20. The Court, having reviewed the declarations, exhibits, and points and authorities submitted in support of and opposition to Class Counsel's request for attorneys' fees and reimbursement of costs, approves the award of attorneys' fees and reimbursement of costs to Class Counsel in the amount of $6,146,660.00 ("Fee and Expense Award"). The Court finds that the Fee and Expense Award is reasonable and appropriate under all of the circumstances presented.

21. The Settlement Agreement also provides that Plaintiffs may request a Service Award to be paid from the Monetary Consideration, provided such awards do not exceed $5,000 to each Class Representative.

22. Courts routinely grant service awards to compensate named plaintiffs for the services they provided and the risks they incurred during the course of class action litigation. *See, e.g., Manuel v. Wells Fargo Bank*, No. 3:14-cv-238 (DJN), 2016 WL 1070819, at *6 (E.D. Va. Mar. 15, 2016) (explaining that service awards are "intended to compensate class representatives

11

for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general"). Here, the Court finds that the requested Service Awards are reasonable and within the range of awards granted by courts in this and other circuits. *See, e.g., id.* (approving $10,000 service award); *Ryals, Jr. v. HireRight Solutions, Inc.*, No. 3:09-cv-625 (JAG) (E.D. Va. Dec. 22, 2011) (awarding $10,000 service awards to each class representative). Moreover, these Service Awards are justified by the time and effort expended by the Class Representatives on behalf of the Settlement Class Members and the risk each assumed in bringing this action. Accordingly, the Court finds that each of the Class Representatives Diane Turner, Lula Williams, Renee Galloway, Darlene Gibbs, Marketa Bass, John Glatt, Gwendolyn Beck, Anastasia Sherman, Sheila Burns, Stanie Haggins, Keisha Hamm, David Hawkins, Sheila Simmons, Faith Thomas, Dashawn Hunter, Tonekia Showell, Sonji Grandi, Susie Allen, Krista Biehl, Beverly Gross, Rachel Bulette, Ricky Panas, Lorna Johnson, Esther Taitai, and Cynthia Burns shall be awarded $5,000.00 each for their efforts, totaling $125,000.00.

23. The Court further notes that the amount of requested attorneys' fees and reimbursement of costs and the dollar amount of the requested Service Awards was included in the notice materials disseminated to the Settlement Class.

24. The award of attorneys' fees and costs and Service Awards shall be paid by the Defendants from the Fund no earlier than the Effective Date and no later than fourteen (14) days of the Effective Date.

## OTHER PROVISIONS

25. The Court has jurisdiction to enter this Final Order and Final Judgment. Without in any way affecting the finality of this Final Order or the Final Judgment, this Court expressly

retains exclusive and continuing jurisdiction over the Settlement and the Settlement Agreement, including all matters relating to the administration, consummation, validity, enforcement, and interpretation of the Settlement Agreement or the Final Order and Judgment, including, without limitation, for the purpose of:

    a.    enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement, the Final Order, or the Final Judgment (including, whether a person or entity is or is not a Settlement Class Member);

    b.    entering such additional orders, if any, as may be necessary or appropriate to protect or effectuate the Final Order, the Final Judgment, or the Settlement Agreement, or to ensure the fair and orderly administration of the Settlement; and

    c.    entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction over the Settlement Agreement, the Final Order, or the Final Judgment.

26.    Without affecting the finality of this Final Order or the Final Judgment, the Defendants, each Settlement Class Member, and the Class Administrator hereby irrevocably submit to the exclusive jurisdiction of the Court for the limited purpose of any suit, action, proceeding, or dispute arising out of the Settlement Agreement or the applicability of the Settlement Agreement, including any suit, action, proceeding, or dispute relating to the Release provisions herein. Defendant BlueChip further makes a limited waiver of their claims to sovereign immunity from suit for the limited purpose of enforcing this Settlement Agreement.

27.    The Parties are hereby directed to carry out their obligations under the Settlement Agreement.

28. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement. Likewise, the Parties may, without further order of the Court or notice to the Settlement Class, agree to and adopt such amendments to the Settlement Agreement (including exhibits) as are consistent with this Final Approval Order and that do not limit the rights of Settlement Class Members under the Settlement Agreement.

29. In the event that the Settlement becomes null and void, certification of the Settlement Class shall be automatically vacated and this Final Approval Order and Judgment, as well as all other orders entered and releases delivered in connection with the Settlement Agreement, shall be vacated and shall become null and void, shall be of no further force and effect, and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if the Settlement Agreement had never been executed.

30. This Final Approval Order and Judgment is final for purposes of appeal and may be appealed immediately, and the Clerk is hereby directed to enter judgment thereon.

Let the Clerk file a copy of this Order electronically and notify all counsel of record.

This Case is now CLOSED.

It is so ORDERED.

                                                /s/
                                      David J. Novak
                                      United States District Judge

Richmond, Virginia
Date: June 30, 2020